UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; and
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

Plaintiffs,

v.

Case No. 18-cv-10434
Hon. Nancy G. Edmunds
Mag. Anthony P. Patti

INTEGRATED MRI CENTER, LLC
d/b/a COMPLETE IMAGING;
ORCHARD LABORATORIES CORP.
d/b/a ORCHARD TOXICOLOGY;
NORTH WEST LABS, INC.;
TOTAL HEALTH REHAB, LLC;
SAMI AHMAD; and OMAR ELIAS
 a/k/a OMAR ASKER,

Defendants.

_____/

### ORCHARD TOXICOLOGY'S AMENDED MOTION TO DISMISS COMPLAINT UNDER FED R. CIV. P. 12(b)(1) AND 12(b)(6) IN COMPLIANCE WITH COURT'S ORDER EXTENDING PAGE LIMIT FOR BRIEF

Defendant, Orchard Laboratories Corp., d/b/a Orchard Toxicology

("Orchard"), through its attorneys, Seyburn Kahn, P.C., requests that this

{01392170.DOCX }

Honorable Court dismiss Plaintiffs' Complaint against Orchard under Fed. R. Civ. 12(b)(1) and 12(b)(6).  Allstate has impermissibly aggregated damages from No-Fault claims of motor vehicle insureds to meet the diversity jurisdiction amount for its state common law claims.  Allstate also fails to allege Orchard's fraud and conspiracy with the requisite particularity. Further, the Court should abstain or decline to exercise declaratory judgment jurisdiction on pending claims and Allstate's claim for reimbursement of $18,618.00 previously paid to Orchard.

On May 4, 2018, pursuant to E.D. Mich. LR 7.1(a), Orchard's counsel contacted Plaintiffs' counsel to explain the nature of this Motion, its legal basis and to request concurrence in the relief sought.  Plaintiff's counsel did not concur.

By:   /s/ Ronald L. Cornell, Jr.
Ronald L. Cornell, Jr. (P46860)
David F. Hansma (P71056)
Attorneys for Defendants Ahmad and
Orchard Toxicology, only
2000 Town Center-Ste. 1500
Southfield, MI 48075
Telephone: (248) 353-7620
rcornell@seyburn.com
dhansma@seyburn.com

Dated:  May 21, 2018

{01392170.DOCX }

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; and
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

                Plaintiffs,

                                        Case No. 18-cv-10434
v.                                  Hon. Nancy G. Edmunds
                                        Mag. Anthony P. Patti

INTEGRATED MRI CENTER, LLC
d/b/a COMPLETE IMAGING;
ORCHARD LABORATORIES CORP.
d/b/a ORCHARD TOXICOLOGY;
NORTH WEST LABS, INC.;
TOTAL HEALTH REHAB, LLC;
SAMI AHMAD; and OMAR ELIAS
 a/k/a OMAR ASKER,
                Defendants.

_____/

## ORCHARD TOXICOLOGY'S BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) IN COMPLIANCE WITH COURT'S ORDER EXTENDING PAGE LIMIT FOR BRIEF

{01392170.DOCX }

# **TABLE OF CONTENTS**

Issues Presented.................................................................................... iii

Statement of Controlling or Most Appropriate Authority ....................................... iv

Index of Authorities        ....................................................................................v

I.      Introduction.....................................................................................1

II.     Facts  ...........................................................................................2

        A.      The Parties .........................................................................2

        B.      Allstate's Claims and Specific Remedies Related to Orchard..............3

                1.  $18,618.00 Previously Paid Claims (Exhibit 28)............................4

                2.  $717,554.00 Pending Claims (Exhibit 2).........................................4

        C.      Orchard's State District Court Cases Against Allstate.........................5

                1.  D.B. Claim No. 0408059780................................................6

                2.  M.G. Claim No. 439435728................................................7

                3.  A.C. Claim No. 420862336................................................7

III.    Legal Standard .................................................................................8

IV.     Argument. .................................................................................. 10

        A.      This Court lacks subject matter jurisdiction over
                State law claims against Orchard ...................................... 11

{01392170.DOCX }

i

B.    Allstate failed to plead fraud and conspiracy claims against Orchard with the requisite particularity ................................. 12

    1.  Fraud ............................................................................. 12

    2.  Civil Conspiracy .......................................................... 15

C.    The Court should abstain or otherwise decline to exercise declaratory judgment jurisdiction ...................................... 17

    1.  Burford ......................................................................... 18

    2.  Colorado River ............................................................. 19

    3.  Wilton/Scottsdale ........................................................ 21

D.    The Court should not exercise supplemental subject matter jurisdiction over Allstate's $18,618.00 repayment claim ................. 25

    1.  Payment under Mistake ................................................ 26

    2.  Unjust Enrichment ....................................................... 27

E.    Notice of Joinder in Motions to Dismiss ........................................... 28

V.    Conclusion .................................................................................. 28

{01392170.DOCX }

## ISSUE PRESENTED

I.   Whether this Court should dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction where Plaintiffs' have aggregated Insureds' No-Fault claims to reach the amount in controversy threshold?

Defendant's Answer: Yes.

II.  Whether this Court should dismiss Plaintiffs' state law fraud and conspiracy claims where Plaintiffs' fail to allege these claims with the requisite particularity?

Defendant's Answer: Yes.

III. Whether this Court should abstain or otherwise decline to exercise jurisdiction over Plaintiffs' declaratory judgment count which raises issues "identical" to Orchard's pending State district court cases?

Defendant's Answer: Yes.

IV.  Whether this Court should refuse to exercise jurisdiction over or dismiss Plaintiffs' state law Payment by Mistake and Unjust Enrichment claims to recover $18,618.00 where Plaintiffs' fail to plead particular facts showing a mistake and the No-Fault claims at issue are governed by an express contract?

Defendant's Answer: Yes.

{01392170.DOCX }

iii

## STATEMENT OF CONTROLLING
## OR MOST APPROPRIATE AUTHORITY

I.   First issue presented:  Fed. R. Civ. P. 12(b)(1); 28 U.S.C. § 1332; *State Farm Mut. Auto. Ins. Co. v. Zigmond Chiropractic, P.C.*, 2008 U.S. Dist. LEXIS 27379 (E.D. Mich. April 3, 2008) (J. Steeh).

II.  Second issue presented: Fed. R. Civ. P. 9(b); *Gavitt v. Born,* 835 F.3d 623, 647 (6th Cir. 2016).

III. Third issue presented: *Caudill v. Eubanks Farms, Inc.,* 301 F.3d 658, 660 (6th Cir. 2002); *Colorado River Water Conservation Dist.,* 424 U.S. at 817; *State Farm Mut. Auto. Ins. Co. v. Zigmond Chiropractic, P.C.*, 2008 U.S. Dist. LEXIS 27379 (E.D. Mich. April 3, 2008) (J. Steeh); *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 554 (6th Cir. 2008); *Covenant Med. Ctr., Inc. v. State Farm Mut. Auto Ins. Co.*, 500 Mich 191; 895 N.W. 2d 490 (2017).

IV.  Fourth issue presented:  Fed. R. Civ. P. 9(b); *Montgomery Ward & Co v. Williams*, 330 Mich. 275, 283 (1951); *Oak St. Funding, LLC v. Ingram*, 749 F. Supp. 2d 568, 580 (E.D. Mich. 2010); *Matthews v. Mortg. Elec Registration Sys.*, 2011 U.S. Dist. Lexis 69501 at *23 (E.D. Mich Apr. 5, 2011).

{01392170.DOCX }

iv

# INDEX OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Allstate Ins. Co. v. Renou*
  32 F. Supp. 3d 856, 860 (E.D. Mich. 2014)...........................................................8

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ......................................................................................8

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ...................................................................................8-9

*Blair v. Checker Cab Co.*
  219 Mich. App. 667, 674, 558 N.W. 2d 439, 442 (1996) ...................................17

*Boston v. Clark*
  2012 U.S. Dist. LEXIS 130496 at *20 (E.D. Mich. Sept. 13, 2012)....................28

*Bronson Methodist Hosp. v. Home-Owners Ins. Co.*
  295 Mich. App. 431, 450 (2012) ...................................................................14

*Burford v. Sun Oil Co.*
  319 U.S. 315 (1943).................................................................................18-19

*Caudill v. Eubanks Farms, Inc.*
  301 F.3d 658, 660 (6th Cir. 2002)..................................................................18

*Colorado River Water Conservation Dist.*
  424 U.S. at 817........................................................................................19-20

*Covenant Med. Ctr., Inc. v. State Farm Mut. Auto Ins. Co.*
  500 Mich 191; 895 N.W. 2d 490 (2017).......................................................23, 27

*Fieger v. Cox*
  524 F.2d 770, 776 (6th Cir.. 2008).................................................................15

{01392170.DOCX }

*Fremont Reorganizing Corp. v. Duke*
   811 F. Supp. 2d 1323, 1341 (E.D. Mich. 2011).....................................................15

*Gavitt v. Born*
   835 F.3d 623, 647 (6th Cir. 2016)..........................................................................15

*Goss v. ABN AMRO Mortg. Group*
   549 Fed. Appx. 466, 473 (6th Cir. 2013).................................................................10

*Grand Trunk W.R.R. Co. v. Consolidated Rail Corp.*
   746 F.2d 323, 326 (6th Cir. 1984)..........................................................................22

*Hi-Way Motor Co v. Int'l Harvester Co.*
   398 Mich. 330, 336, 247 N.W.2d 813, 815-816 (1976) .........................................13

*In re Travel Agent Comm'n Antitrust Litig.*
   583 F.3d 896, 905 (6th Cir. 2009)............................................................................9

*Llewellyn-Jones v. Metro Prop. Grp., LLC*
   22 F. Supp. 3d 760, 784 (E.D. Mich 2014).............................................................13

*Matthews v. Mortg. Elec Registration Sys.*
   2011 U.S. Dist. Lexis 69501 at *23 (E.D. Mich Apr. 5, 2011) ..............................28

*Montgomery Ward & Co v. Williams*
   330 Mich. 275, 283 (1951)...............................................................................26-27

*Oak St. Funding, LLC v. Ingram*
   749 F. Supp. 2d 568, 580 (E.D. Mich. 2010).........................................................27

*Percival v. Girard*
   692 F. Supp. 2d 712, 718 (E.D. Mich. 2010)............................................................9

*Reilly v. Vadlamudi*
   680 F.3d 617, 622-23 (6th Cir. 2012) ..................................................................8-9

{01392170.DOCX }

*Rohlman v. Hawkeye-Security Ins.*
442 Mich. 520, 525 (1993)..................................................................... 19

*Romine v. Compuserve Corp.*
160 F.3d 337, 339 (6th Cir. 1998)..................................................... 19-20

*Scottsdale Ins. Co. v. Flowers*
513 F.3d 546, 554 (6th Cir. 2008) ............................................... 22, 24-25

*State Farm Mut. Auto. Ins. Co. v. Zigmond Chiropractic, P.C.*
2008 U.S. Dist. LEXIS 27379 (E.D. Mich. April 3, 2008) ............11-12, 15, 20-21

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*
552 F.3d 430, 436 (6th Cir. 2008)............................................................9

*Williams v. Pledged Prop. II, LLC,*
508 Fed. Appx. 465, 469 (6th Cir. 2012)........................................... 27

*Wilton v. Seven Falls Co.*
515 U.S. 277 (1995)................................................................... 21, 24-25

## **Court Rules**

Fed. R. Civ. P. 9(b) ................................................................ 9, 13, 15, 28

Fed. R. Civ. P. 12(b)(1).................................................................. 1, 8

Fed. R. Civ. P. 12(b)(6).................................................................. 1, 2, 8

## **Statutes:**

MCL § 500.3101 et seq.......................................................................... 3

28 U.S.C. § 1332 ................................................................... 11, 25

{01392170.DOCX }

## *I.* *Introduction:*

Allstate's claims against Orchard are a transparent and improper attempt to re-adjudicate paid claims and to avoid properly adjudicating pending claims related to urine drug tests under Michigan's No-Fault Act. Using vague and conclusory allegations, Allstate apparently seeks a declaratory judgment to avoid its obligations under the No-Fault Act to process and pay Orchard for the 157 pending claims listed in Exhibit 2 to the Complaint and seeks reimbursement of $18,618.00 previously paid to Orchard for the 7 claims listed on Exhibit 28. Allstate has impermissibly aggregated claims for subject matter jurisdiction and failed to properly plead its State common law claims against Orchard with the required particularity. Abstention is also appropriate in light of several of Orchard's pending State district court cases against Allstate which raise "identical" issues.

This Court should dismiss the Complaint against Orchard under Rule 12(b)(1) and 12(b)(6). First, Orchard is not a RICO defendant. Therefore, Allstate must meet the diversity jurisdiction amount in controversy threshold for this Court to exercise subject matter jurisdiction. Allstate cannot meet this burden without improperly aggregating claims because none of the No-Fault claims identified by Allstate exceeds $75,000.00. Second, Allstate failed to plead the fraud and conspiracy claims with the requisite particularity. Third, this Court should abstain

1

or decline to exercise jurisdiction over the declaratory relief count.   In fact, the Dearborn district court recently rejected Allstate's attempt to use this Complaint to avoid adjudicating an Orchard claim pending since April, 2017.   Finally, Allstate fails to identify the specific reasons how or why it "mistakenly" paid Orchard $18,618.00 or why this Court has subject matter or supplemental jurisdiction over these claims.   Accordingly, this Motion should be granted and all of Allstate's claims against Orchard dismissed.

## II.   *Facts:*

Accepting only the non-conclusory "factual" allegations in Allstate's Complaint, the background of this dispute is summarized below as: (A) the Parties; (B) Allstate's Claims and Specific Remedies Related to Orchard; and (C) Orchard's State District Cases Against Allstate.

### A.   **The Parties.**

Generically, Allstate alleges that Sami Ahmad[1] and Omar Elias own and control each of the 4 corporate defendants, including Orchard.   Each of the corporate defendants submitted claims to Allstate for personal protection benefits

---

[1] Ahmad has filed a separate 12(b)(6) Motion to dismiss all of the claims against him individually.   Orchard concurs in and relies on the arguments in Ahmad's Motion as well.

{01392170.DOCX }

2

under Michigan's No-Fault Insurance Act. MCL § 500.3101 et seq. (Complaint, Doc #1, ¶7). Specifically, Orchard submitted claims for payment of urine drug tests. Allstate attached lists of claims previously paid to each corporate defendant (*Id.* at Exhibits 27-29) as well as lists of pending claims. (*Id.* at Exhibits 1-4).

### B. Allstate's Claims and Specific Remedies Related to Orchard

Although not a RICO defendant, Allstate seeks to hold Orchard liable for all the relief requested in the Complaint under a "civil conspiracy" theory. Aside from civil conspiracy liability, Allstate seeks two specific remedies against Orchard: (1) a return of $18,618.00 previously paid on 7 claim numbers (Complaint, Doc #1, at Exhibit 28) and (2) a declaration that it not be obligated to process or pay under the No-Fault Act Orchard's pending claims "related to fraudulent conduct detailed in the Complaint." (*Id.* at Count XIII – Relief). Apparently, Allstate wants an order from this Court that would excuse it from complying with its obligations under the No-Fault Act for the 157 specific claims listed on Exhibit 2. (**Exhibit 1**, Calculation of Total Charges by Claim Number). Included on Allstate's Exhibit 2 are claims that Orchard has pending in 3 State district court cases, addressed below.

{01392170.DOCX }

3

**1.     $18,618.00 Previously Paid Claims (Exhibit 28)**

Allstate's Exhibit 28 is a list of 7 claim numbers and payments that total $18,617.69. None of the claim numbers are identified as "exemplars" in the Complaint. There are no specific details alleged by Allstate as to why it contends these claims were fraudulently submitted or why Allstate "mistakenly" paid these specific amounts. Nevertheless, Allstate specifically seeks recovery of these previously paid amounts under Count XI, "Payment Under Mistake of Fact" and Count XII, "Unjust Enrichment".

**2.     $717,554.00 Pending Claims (Exhibit 2)**

Allstate's Exhibit No. 2 lists 157 separate claim numbers with charges collectively totaling $717,553.70. (**Exhibit 1**). Allstate generally alleges that Orchard billed for treatments listed on Exhibit 2 that were not were "medically necessary" and "unlawful in relation to the patients". (Complaint, Doc #1 at ¶31).

The Complaint identifies the following "exemplars" specific to Orchard. Many of them are also listed on Exhibit 2:

- J.B. Claim No. 401393673 - $1,826.47 (*Id.* at ¶¶150-154, Ex. 2, p. 15).

{01392170.DOCX }

4

- K.C. Claim No. 0363169731 - $1,185.38 (*Id.* at ¶¶466-475, Ex. 2, p. 27).

- R.H. Claim No. 0305563660 - $5,104.54 (*Id.* at ¶¶476-479, Ex. 2, pp. 48-49).

- L.K. Claim No. 2172819704 - $1,092.69 (*Id.* at ¶¶480-481, Ex. 2, pp. 58-59).

- L.G. Claim No. 0438133043 - $22,661.45 (*Id.* at ¶¶565-584).

- C.S. Claim No. 0439225269 - $5,410.32 (*Id.* at ¶¶585-598, Ex. 2, pp. 82-83).

- D.F. Claim No. 044922371 - $1,710.39 (*Id.* at ¶¶601-612).

- R.A. Claim No. 0328358643 - $6,549.07 (*Id.* at ¶¶614-632, Ex. 2, pp. 6-7).

The total dollar amount of the "exemplars" is $45,540.31. Allstate does not allege that it actually paid any of these claims.

## C.   Orchard's State District Court Cases against Allstate

Prior to the filing of Allstate's Complaint, Orchard, as assignee of the insured patients, commenced 3 district court cases against Allstate to recover unpaid allowable expenses under the No-Fault Act. Each of the 3 cases below

{01392170.DOCX }

seeks recovery of claims that are also listed in Exhibit 2.

### 1.    D.B. Claim No. 0408059780

The "D.B." Claim no. 0408059780 listed on pages 12-14 of Exhibit 2 is also a subject matter of Orchard's pending case in the 19th Judicial District Court in Dearborn.

On April 4, 2017, Orchard, as assignee of Dwayne Brown ("D.B."), sued Allstate to recover unpaid allowable expenses under Michigan's No-Fault Act. (**Exhibit 2**).  The Amended Complaint Orchard filed in November 2017 seeks recovery of $13,590.92 and references Allstate's claim number 040805970.

On February 25, 2018, Allstate moved for summary disposition, or alternatively, to stay the D.B. case.  (**Exhibit 3**).  Allstate claimed that because charges for services to D.B. were a part of this case, the earlier filed case before the State district court should be dismissed or stayed.

In its Motion, Allstate concludes that:

- The federal action and [district court] case involve the same parties and factual and legal issues. (*Id.*, Motion at ¶24).

- The defenses in the district court case are "subsumed" in this case. (*Id.*, Brief at p. 8).

{01392170.DOCX }

6

- The two cases "involve the same substantial or controlling question of law or fact." (*Id.*).

- The "treatment" performed by Orchard (this case "is identical" to the treatment at issue in this case. (*Id.*).

On April 6, 2018, District Court Judge Hunt <u>denied</u> Allstate's Motion and the case is proceeding according to the Court's docket. (**Exhibit 4**).

### 2. M.G. Claim No. 439435728

On December 14, 2017, Orchard, as an assignee of Mario Gutierriez ("M.G."), sued Allstate in the 20th Judicial District in Dearborn Heights. (**Exhibit 5**). This "M.G." claim is #439435728 on Exhibit 2, pp. 38-39. This case is still pending.

### 3. A.C. Claim No. 420862336

On January 16, 2018, Orchard, as assignee of Artisa Coleman ("A.C."), sued Allstate in the 19th Judicial District in Dearborn Heights. (**Exhibit 6**). This "A.C." claim is #420862336 on Exhibit 2, pp. 21-22. This case is still pending.

Orchard has several other district cases filed shortly after the filing of Allstate's Complaint that also seek recovery of claims listed in Exhibit 2.

{01392170.DOCX }

## III. *Legal Standard:*

Dismissal for lack of subject matter jurisdiction is appropriate under Rule 12(b)(1). Where subject matter jurisdiction is factually attacked, the plaintiff bears the burden of proving jurisdiction to survive the motion, and the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Allstate Ins. Co. v. Renou*, 32 F. Supp. 3d 856, 860 (E.D. Mich. 2014) (citation omitted). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (internal citation and quote marks omitted). This court has wide discretion to consider affidavits and documents outside the complaint and consideration of such matters does not convert the motion into a Rule 56 motion. *Id.*

Rule 12(b)(6) provides for dismissal if a plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim is analyzed under the "plausibility" standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This Court must "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Reilly v. Vadlamudi*, 680

{01392170.DOCX }

8

F.3d 617, 622-23 (6th Cir. 2012). But, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citation omitted). It must have "facial plausibility" and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 622-23 (citation omitted).

Generic allegations against all "defendants" are insufficient. *See, e.g., In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009). *Twombly* requires a complaint allege sufficient "specifics as to the role each [defendant] played in the alleged conspiracy." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008).

"Further, the complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. In application, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Percival v. Girard*, 692 F. Supp. 2d 712, 718 (E.D. Mich. 2010) (internal quote marks and citations omitted).

The pleading standards for claims alleging fraud are more rigorous. Under Rule 9(b), a claim alleging fraud must (1) specify the statements that the plaintiff

{01392170.DOCX }

9

contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Goss v. ABN AMRO Mortg. Group*, 549 Fed. Appx. 466, 473 (6th Cir. 2013). "Further, a plaintiff must allege, at minimum, the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* (internal quote marks and citation omitted).

## IV. *Argument:*

Allstate's common law claims against Orchard are deficient and should be dismissed first because Allstate impermissibly aggregated claims to meet the subject matter diversity jurisdiction $75,000.00 threshold. Further, Allstate fails to plead fraud and conspiracy claims with the required particularity; the Court should abstain or decline to exercise declaratory judgment jurisdiction over 157 pending claims (Exhibit 2); and the Court should refuse to entertain a re-adjudication of $18,618.00 previously paid on 7 claims (Exhibit 28). Allstate should be required to properly process Orchard's claims under the No-Fault Act or adjudicate them consistent with the 3 previously filed and pending cases in the State's judicial district courts.

{01392170.DOCX }

## A. This Court Lacks Jurisdiction over State Law Claims Against Orchard

Because Orchard is not a RICO defendant, the only remaining basis for this Court to exercise jurisdiction over Allstate's State law claims is through diversity of citizenship under 28 U.S.C. §1332. Here, because none of the No-Fault claims at issue exceeds $75,000.00, and because Allstate may not aggregate Orchard's No-Fault claims, this Court lacks diversity jurisdiction.

This Court directly addressed a similar issue in *State Farm Mut. Auto. Ins. Co. v. Zigmond Chiropractic, P.C.*, 2008 U.S. Dist. LEXIS 27379 (E.D. Mich. April 3, 2008) (J. Steeh). (**Exhibit 7**). In that case, State Farm brought fraud, unjust enrichment, and declaratory judgment claims against various No-Fault providers. In dismissing the complaint for lack of jurisdiction, this Court held that "the claims of individual insureds cannot be aggregated by the insurer to reach the $75,000 jurisdictional requirement[.]" *Id*. at *2. This Court also rejected State Farm's argument that the defendants acted in concert, holding, "Simply asserting that the defendants are jointly and severally liable does not establish that the defendant's liability with respect to one particular insured's claims exceeds the $75,000.00 jurisdictional amount." *Id*. at *4-5. Accordingly, State Farm "failed to

{01392170.DOCX }

11

show cause why its claims should not be dismissed." *Id.* at *5.

The same reasoning applies here.  In its Complaint, Allstate has not pled or presented evidence that the claims of any individual insured exceeds the $75,000.00 jurisdictional amount.  None of Orchard's claims in Exhibits 2 or 28 individually reaches the $75,000.00 minimum amount in controversy.  Allstate's attempt to aggregate these claims, as well as with those of the other non-RICO corporate defendants, is impermissible.  Accordingly, this Court lacks subject matter jurisdiction over Allstate's State common law claims against Orchard.

**B.     Allstate failed to plead fraud and conspiracy claims against Orchard with the requisite particularity.**

Allstate seeks to hold Orchard liable for both submitting fraudulent claims (Count IX) and for the fraud of others based on a civil conspiracy (Count X).  However, despite the length of its Complaint and volume of exhibits, Allstate fails to meet its specific pleading requirements on both of these Counts.

**1.     Fraud**

Allstate's Count IX, Fraud, alleges that Orchard made "misrepresentations" identified in Count XI, "Payment Under Mistake of Fact".  (Complaint, Doc #1 at ¶912).  In Count XI, Allstate specifically refers to Exhibit 28 which lists 7 claims

{01392170.DOCX }

12

totaling $18,618.00 previously paid to Orchard. However, Allstate fails to allege particular facts necessary to support the required fraud elements related to the 7 claims and payments listed on Exhibit 28.

In Michigan, to successfully plead fraud, a plaintiff must specifically allege facts that: (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, he knew that it was false or made it recklessly without any knowledge of its truth; (4) defendant made it with the intention that it should be acted upon by the plaintiff; (5) the plaintiff acted in reliance upon it; and (6) that the plaintiff suffered injury as a result. See *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 784 (E.D. Mich 2014) quoting *Hi-Way Motor Co v. Int'l Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 815-816 (1976). The absence of any one of these elements "is fatal to recovery." *Id.*

Allstate fails to allege facts with the required Rule 9(b) particularity as to how Orchard misled Allstate into paying the 7 specific claims listed in Exhibit 28 or "why the statements were fraudulent." Allstate did not use any of them as "exemplars". Allstate simply attached a list of 7 claim numbers and payments and said "fraud". Allstate cannot rely on Exhibit 28 and the generic statements of fraud

{01392170.DOCX }

13

to meet its fraud pleading burden on these 7 claims.

Likewise, Allstate does not carry its burden by relying on the list of unpaid/denied/pending claims on Exhibit 2.   Aside from the 7 "exemplars", Allstate made no effort to allege particular facts as to why each of the remaining 150 listed claims are "fraudulent".   Under the No-Fault Act, Allstate would have been within its rights to deny some or all of these claims so long as it specifically stated the reasons and was prepared to defend its decision in State court.  *Bronson Methodist Hosp. v. Home-Owners Ins. Co.*, 295 Mich. App. 431, 450 (2012). Allstate should not be allowed to state anything less in its Complaint.

Further, another reason why Allstate did not, and cannot, meet its fraud pleading burden on the Exhibit 2 claims, including the exemplars, is because Allstate never paid any of the 157 claims totaling $717,554.00.   In order to successfully plead a claim for "fraud", a plaintiff must allege damages.  Here, the only damage specifically alleged is payment of $18,618.00 on the 7 claims listed on Exhibit 28.  The absence of particular facts supporting "damages" related to the claims listed in Exhibit 2 is also "fatal" to Allstate's fraud count.

{01392170.DOCX }

14

### 2.   <u>Civil Conspiracy</u>

Allstate asserts Orchard is liable for the alleged fraud of others by loosely pleading a civil conspiracy between two individuals (Ahmad and Elias) and the 4 corporate entities they allegedly "own and control", including Orchard.  However, Allstate's civil conspiracy allegations fail for the same lack of particularity fatal to Allstate's fraud claims.

A civil conspiracy is "a combination of two or more persons, [who] by some concerted action, [agree] to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by unlawful means." *Fremont Reorganizing Corp. v. Duke*, 811 F. Supp. 2d 1323, 1341 (E.D. Mich. 2011) (internal citation omitted). Where the underlying tort is fraudulent in nature, the plaintiff alleging conspiracy must meet the pleading requirements of Rule 9(b). *Id.*

These pleading requirements are "relatively strict". *Gavitt v. Born,* 835 F.3d 623, 647 (6th Cir. 2016).  Civil conspiracy claims must be pled with specificity: "vague and conclusory allegations unsupported by material facts" are insufficient to state a claim. *Id. Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); see also, *Zigmond, supra*, at *3 (**Exhibit 7**).

{01392170.DOCX }

15

Like its alleged claim of fraud, Allstate's factual conspiracy allegations are scarce and what they say is vague and conclusory. For example, in paragraph 785 of the Complaint Allstate concludes:

> As the defendants agreed to pursue the same criminal objective (namely, mail fraud), they committed a conspiracy within the meaning of the RICO Act, 18 U.S.C. § 1962(d), and are therefore jointly and severally liable for Allstate's damages.

Later, in Count X, "Civil Conspiracy", Allstate says the Defendants combined to accomplish the unlawful purpose of defrauding Allstate by submitting claims for reimbursement they were not entitled to because the Defendants: (1) billed for services not rendered; (2) did not provide reasonably necessary medical treatment; (3) did not lawfully render treatment; and (4) Did not submit reasonably necessary charges. (Complaint, Doc #1 at ¶919).

These vague and conclusory allegations are not "facts" that support a civil conspiracy among the two individuals and 4 corporate defendants. Ahmad's and Elias's alleged joint ownership and control of Orchard and the other 3 corporations alone is not sufficient and would run afoul of the intra-corporate conspiracy doctrine that provides corporations generally cannot conspire with their owners,

{01392170.DOCX }

16

officers or employees. *Blair v. Checker Cab Co.*, 219 Mich. App. 667, 674, 558 N.W. 2d 439, 442 (1996).

### C.   The Court should abstain or otherwise decline to exercise declaratory judgment jurisdiction.

Allstate's declaratory judgment Count XIII paraphrases sections of Michigan's No-Fault Act (¶¶947-950) and states the obvious, to wit:   Allstate should not have to pay for fraudulently submitted claims.   Although this Count does not specifically state it, Orchard assumes Allstate is asking this Court to declare that Allstate does not have to comply with its obligations under the No-Fault Act when it comes to properly processing Orchard's 157 pending claims listed in Exhibit 2.

There are several abstention doctrines that dictate that this Court should abstain from hearing this case, and specifically decline from exercising jurisdiction over Allstate's declaratory judgment count.   Other Judges in this District that have declined to abstain and have denied similar motions do so because the defendants in the other cases fail to identify applicable State court cases.   Here, Orchard has identified 3 prior pending State district court cases specifically adjudicating some of the claims listed on Exhibit 2.   Allstate has acknowledged at least one of the

{01392170.DOCX }

17

district court cases raise "identical" issues and defenses to payment. Consequently, unlike the other Allstate/State Farm cases, this Court should abstain or decline exercising declaratory judgment jurisdiction under any one of the following doctrines.

### 1.    **Burford**

Abstention is appropriate under *Burford* v. *Sun Oil Co.,* 319 U.S. 315 (1943), when "(1) a case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar,' or (2) the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Caudill v. Eubanks Farms, Inc.,* 301 F.3d 658, 660 (6th Cir. 2002) (internal citation omitted). The goal of the *Burford* abstention doctrine is to "avoid conflict with a state's administration of its own affairs." *Id.*

The claims against Orchard satisfy the *Burford* criteria. Orchard is not a RICO defendant. Allstate's claims against Orchard are based solely on State common law. As Allstate acknowledged in the pending Dearborn district court case, the procedures under the No-Fault Act allow Allstate to raise these common

{01392170.DOCX }

18

law claims as defenses to payment. This process and procedure is a part of a uniquely designed State-law system. The State's Supreme Court has recognized this comprehensive "Rule Book" which allows disputes over claims to be adjudicated in the State courts. *Rohlman v. Hawkeye-Security Ins.*, 442 Mich. 520, 525 (1993).

Allowing Allstate to use the Federal courts to avoid addressing claims in the State courts would be disruptive to the State's ability to administer its own affairs through the No-fault system. Orchard has 3 State district court cases addressing claims Allstate seeks to avoid. In the "D.B." case, Orchard has already obtained an order from the district court denying Allstate's attempts to thwart the State court's authority to adjudicate claims under the Act. Under *Burford*, this Court should similarly abstain from allowing Allstate to interfere with the proper processing and adjudication of the claims listed in Exhibit 2.

### 2. Colorado River

Under the *Colorado River* doctrine, this Court may abstain from hearing cases "in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine* v. *Compuserve Corp.,* 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River Water Conservation Dist.,* 424 U.S. at 817). For the

{01392170.DOCX }

19

doctrine to apply, the Court must find that "the state and federal cases are parallel" and that "wise judicial administration justifies abstaining from hearing the federal case." *Colorado River Water Conservation Dist.,* 424 U.S. at 817. However, "exact parallelism" is not required. *Romine, supra*, 160 F.3d at 339. For example, in *Zigmond, supra*, this Court ruled that State Farm failed to show cause why the Court should not abstain under *Colorado River*, in light of the providers' prior pending State court cases.

Abstention under *Colorado River* is appropriate. Allstate knew that Orchard had at least 3 parallel State district court cases pending when it filed its Complaint. In each, Orchard sued to recover an insureds' expenses denied by Allstate. In each, Allstate has a fair opportunity to assert its alleged fraud based claims as defenses or counterclaims. Allstate will have a similar opportunity as new cases are filed. At bottom, each claim and case comes down to a dispute over the necessity and reasonableness of the charges. Accordingly, this case is duplicative of these "parallel" pending State court cases (those filed and to be filed) and the first prong of *Colorado River* is satisfied.

The second prong of *Colorado River* is also satisfied. Abstention will promote efficient dispute resolution because (1) the State court cases were filed

{01392170.DOCX }

20

first and are further along; (2) Allstate's rights will be protected; (3) the claims against Orchard are based in State common law and could be easily asserted, where appropriate, as defenses in the State court matters. This Court should abstain, as it did in *Zigmond*, and allow the State courts to adjudicate a resolution of these claims under the No-Fault Act.

### 3. Wilton/Scottsdale

In *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), the U.S. Supreme Court held that federal courts are given substantial discretion in deciding whether or not to exercise their declaratory relief jurisdiction. Under *Wilton,* courts have no obligation to hear or decide particular declaratory cases. In fact, courts need not even find extraordinary circumstances in order to abstain from rendering judgment.

Following *Wilton*, the Sixth Circuit has focused on five factors to consider in determining whether or not to exercise declaratory judgment jurisdiction:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to provide "an arena for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction, and

{01392170.DOCX }

21

(5)    whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co.* v. *Flowers,* 513 F.3d 546, 554 (6th Cir. 2008) (citing *Grand Trunk W.R.R. Co. v. Consolidated Rail Corp.,* 746 F.2d 323, 326 (6th Cir. 1984.).

An analysis of these factors weighs heavily in favor of this Court declining to exercise jurisdiction over Allstate's declaratory judgment count. First, a ruling by this Court will not "settle" the controversy. There are several pending State court actions that are currently being litigated and many more likely to be filed and litigated related to the claims listed in Exhibit 2. The State's district court in Dearborn is moving forward on the "D.B." claim regardless of what happens in this Court. There is a likelihood other State district courts will follow and proceed to adjudicate claims under the No-Fault Act creating the risk of inconsistent rulings on the necessity and reasonableness of Orchard's charges.

Secondly, the global declaration Allstate seeks on the Exhibit 2 claims will not "clarify" the legal relations "at issue." The legal relations "at issue" go well beyond Allstate and Orchard. The rights of the actual insureds identified in the claims listed in Exhibit 2 will be affected by the Court's ruling on Allstate's request for declaratory relief. This is particularly true in light of the Michigan

{01392170.DOCX }

22

Supreme Court's recent ruling in *Covenant Med. Ctr., Inc. v. State Farm Mut. Auto Ins. Co.*, 500 Mich 191; 895 N.W. 2d 490 (2017).

In *Covenant*, the Michigan Supreme Court ruled that a health care provider, like Orchard, does not have a right to directly recover benefits from a no-fault insurer, like Allstate. 895 N.W. 2d at 505. Consequently, the only way Orchard can pursue a cause of action against insurers is with an assignment from the insured like the ones it obtained in the 3 pending district court cases.

Pursuant to the No-Fault Act, the right to recover the charges listed in Exhibit 2 rests with the insureds, not Orchard. In those instances, Allstate's request for a declaratory judgment not to be obligated to process or adjudicate under the No-Fault Act will affect the rights of insureds who are not parties to this action. Therefore, a ruling on Allstate's declaratory judgment count will likely create confusion among the insureds, Orchard and Allstate and not serve a "useful purpose."

Thirdly, Allstate's "procedural fencing" is apparent through its attempts to use this case to stop pending district court cases. In fact, the "D.B." district court case had been pending nearly one-year before Allstate filed the Complaint in case and then moved to dismiss or stay the district court case. Allstate will, no doubt,

{01392170.DOCX }

23

continue its efforts to shut down Orchard's district court cases as a part of its improper race for res judicata.

Analysis of the 4th and 5th factors also militates towards declining to exercise jurisdiction. The possible "friction" between the State and Federal Courts is highlighted by Allstate's failed attempt in the D.B. case. The State courts, like the district court in Dearborn, are in a better position to effectively address the disposition of Orchard's claims under the No-Fault Act. There is no suggestion that a State court would have any difficulty addressing the issues raised by Allstate fairly and efficiently. Despite its allegations of a conspiracy, Allstate must still defend its decision to deny payment of claims with particular facts showing why the specific treatment was unnecessary or unreasonable. Consequently, these two factors, like the others, weigh in favor of this Court declining to exercise declaratory judgment jurisdiction.

Allstate will likely contend that even if the factors under *Wilton/Scottsdale* lean towards Orchard's position, the Court should exercise its declaratory judgment jurisdiction because Allstate also seeks damages that will necessarily include addressing the same issues. However, the only "damages" Allstate specifically seeks against Orchard is a return of $18,618.00 previously paid on 7

{01392170.DOCX }

24

claims based on theories of mistake and unjust enrichment.   Allstate will be required to provide particular facts to show how it made a "mistake" paying each.

These are not the "same" issues or objectives Allstate is attempting to obtain with its declaratory judgment count.   There, Allstate wants the Court to issue a broad declaration excusing Allstate from its obligations under the Act to provide the particular reasons for denying each of the 157 listed claims and from defending its decisions in the State's district courts.   Accordingly, the fact that Allstate wants damages should not dissuade the Court from analyzing the *Wilton/Scottsdale* factors and deciding not to exercise declaratory judgment jurisdiction over the claims specific to Orchard.

### D.   The Court should not exercise supplemental subject matter jurisdiction over Allstate's $18,618.00 repayment claim.

Because Orchard is not a RICO defendant and because the fraud, conspiracy and declaratory judgment claims should be dismissed, this Court should also decline to exercise supplemental jurisdiction over Allstate's remaining $18,618.00 contract-based claims against Orchard.   Even if properly pled, the amount in controversy on these claims does not meet the subject matter diversity jurisdiction minimum of $75,000.00.  28 U.S.C. § 1332.

{01392170.DOCX }

In any event, Allstate's claims to recover $18,618.00 previously paid to Orchard on 7 claims (Exhibit 28) fails factually for similar reasons fatal to the fraud and conspiracy counts. Allstate does not state any particular facts to support how or why it allegedly mistakenly made each payment.

### 1. **Payment Under Mistake**

In Count XI, "Payment Under Mistake of Fact", Allstate says the seven claims listed on Exhibit 28 "misrepresented the fact, reasonableness, necessity and lawfulness of the medical treatment allegedly rendered." Yet, no facts are alleged as which of the 4 generic reasons alleged in ¶919 applies to each of the seven claims.

The general rule that moneys paid under a mistake of fact may be recovered is not without limitation. *Montgomery Ward & Co v. Williams*, 330 Mich. 275, 283 (1951). "[W]here the true facts are known or uncertain and the payor is confronted with the alternative of either paying or refusing to pay the claim, he elects to pay and it later develops that he has paid under the wrong state of facts, which would have relieved him of liability, then the moneys so paid may not be recovered." (*Id.*)

{01392170.DOCX }

Here, Allstate is essentially seeking a second bite at the apple. Allstate had every opportunity to evaluate and determine whether to pay these claims under the No-Fault Act procedures. Allstate could have denied the claims or reduced the amount paid from what Orchard charged. Under *Montgomery Ward*, absent the particular factual allegations as to how or why it "mistakenly" paid each claim and amount, Allstate should not be given this second opportunity.

## 2. Unjust Enrichment

Allstate's unjust enrichment claim (Count XII) should be dismissed because the alleged payments made to Orchard listed in Exhibit 28 are subject to, or governed by, express insurance contracts between Allstate and the insured which precludes Allstate's equitable claim for unjust enrichment. *Williams v. Pledged Prop. II, LLC*, 508 Fed. Appx. 465, 469 (6th Cir. 2012); *Oak St. Funding, LLC v. Ingram*, 749 F. Supp. 2d 568, 580 (E.D. Mich. 2010) ("A contract will be implied only if there is no express contract covering the same subject matter."). Under *Covenant, supra*, the insured is the true beneficiary of Allstate's payment. Because there is an express contract between Allstate and the insured covering payment of PIP benefits and allowable expenses (the rights to which were assigned to Orchard), Allstate cannot maintain a claim for unjust enrichment.

{01392170.DOCX }

27

In addition, Allstate has failed to plead particular facts to support its "unjust enrichment" claim. To the extent Allstate's "unjust enrichment" claim stems from Orchard's alleged frauds, Allstate fails to meet the Rule 9(b) particularity requirement. *Boston v. Clark*, 2012 U.S. Dist. LEXIS 130496 at *20 (E.D. Mich. Sept. 13, 2012) (holding that unjust enrichment claim "grounded in fraud" must meet pleading requirements of Rule 9(b)); see *Matthews v. Mortg. Elec Registration Sys.*, 2011 U.S. Dist. Lexis 69501 at *23 (E.D. Mich Apr. 5, 2011) (unjust enrichment claim dismissed, in part, because plead in conclusory fashion). Allstate has not alleged specifically how each of the claims/payments made were wrongfully obtained by Orchard.

### E.   Notice of Joinder in Motions to Dismiss

Orchard concurs in the Motions to Dismiss filed by the other Defendants in this matter, and adopts the factual and legal arguments contained in those motions

### V.   *Conclusion:*

Orchard is not a RICO defendant and Allstate cannot aggregate the insureds claims to meet the subject matter jurisdictional threshold. The Complaint does not allege particular facts required to properly state plausible claims against Orchard under Michigan's common law. This Court should abstain or decline to exercise

{01392170.DOCX }

28

jurisdiction over the declaratory judgment count and claim for reimbursement of $18,618.00.

Simply put, Allstate should not be allowed to rewrite the No-Fault Act "Rule Book" on Orchard's claims. This Motion should be granted and Allstate should be required to properly process and adjudicate Orchard's claims under the No-Fault Act in the State courts.

By:    /s/ Ronald L. Cornell, Jr.
Ronald L. Cornell, Jr. (P46860)
David F. Hansma (P71056)
Attorneys for Defendants Ahmad and
Orchard Toxicology, only
2000 Town Center-Ste. 1500
Southfield, MI 48075
Telephone: (248) 353-7620
rcornell@seyburn.com
dhansma@seyburn.com

Dated:  May 21, 2018

{01392170.DOCX }

29

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 21, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

By:   /s/ Ronald L. Cornell, Jr.
Ronald L. Cornell, Jr. (P46860)
David F. Hansma (P71056)
Attorneys for Defendants Ahmad and
Orchard Toxicology, only
rcornell@seyburn.com
dhansma@seyburn.com

{01392170.DOCX }